IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPENCER FOSTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 11-CV-758-JHP-PJC |
| | ) |
| EMMA WATTS, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing pro se. Respondent filed a response to the petition (Dkt. # 10). Petitioner did not file a reply to the response. For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

The record reflects that Petitioner was charged in Tulsa County District Court, Case No. CF-2007-5311, with Robbery with a Firearm, After Former Conviction of a Felony (AFCF) (Dkt. # 10 at 1). He entered a plea of nolo contendere on September 4, 2008, and was sentenced to ten (10) years imprisonment, a $500 fine, plus a $250 victim assessment and costs, all suspended. (Dkt. # 10-3 at 5). Petitioner did not move to withdraw his plea or otherwise perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA).

---

[1] Petitioner is currently in custody at the Jackie Brannon Correctional Center, McAlester, Oklahoma. Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, Emma Watts, Warden, is the proper respondent. Therefore, Emma Watts, Warden, is hereby substituted in place of Rodney Redman, Warden, as the respondent in this case. The Court Clerk shall be directed to note such substitution on the record.

On January 20, 2010, the State filed an amended application to revoke suspended sentence, alleging Petitioner had failed to comply with the Rules and Conditions of Probation. See id. at 8. At a hearing held April 28, 2010, the district court judge found "more than sufficient evidence" supported the amended application and revoked Petitioner's suspended sentence (Dkt. # 11-1 at 10-11). Petitioner was represented by attorney J. Brian Rayl at the revocation hearing.

Petitioner appealed the revocation of his suspended sentence to the OCCA. Represented by attorney Richard Couch, he raised two (2) propositions of error, as follows:

> Proposition 1: The trial court lost jurisdiction to hear the amended application to revoke when the hearing was not timely held within twenty days of arraignment.
>
> Proposition 2: The trial court abused its discretion in revoking all ten years of appellant's suspended sentence.

(Dkt. # 10-1). By Summary Opinion filed October 27, 2011, in Case No. RE-2010-461, the OCCA affirmed the revocation of Petitioner's sentence. (Dkt. # 10-2).

Petitioner filed the instant habeas corpus petition on December 5, 2011 (Dkt. # 1). He raises the following grounds of error:

> Ground 1: Illegal Revocation of Sentence: The trial court lost jurisdiction to hear the amended application to revoke when the hearing was not timely held within twenty days (20) days [sic] of arraignment.
>
> Ground 2: The trial court revoked all ten (10) years of my sentence. The trial court abused its discretion in revoking all ten (10) years of appellant's suspended sentence.
>
> Ground 3: Why was it considered a mistrial when I had eight (8) jurors for me and four (4) jurors unable to decide and I still received a paper sentence of ten (10) years.

(Dkt. # 1). In response to the petition, Respondent asserts that Petitioner is not entitled to habeas relief. (Dkt. # 10).

2

As an initial matter, the Court finds that Grounds I and II focus on proceedings related to the revocation of Petitioner's suspended sentence, rather than the validity of his conviction entered in Tulsa County District Court, Case No. CF-2007-5311. Those grounds shall be adjudicated under 28 U.S.C. § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). In Ground III, Petitioner inquires as to the basis for entry of a mistrial prior to entry of his plea of nolo contendere in Case No. CF-2007-5311. As discussed below, that claim is moot.

*ANALYSIS*

**A.        Exhaustion**

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez, 208 F.3d at 866 (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)). The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman, 501 U.S. at 731. To exhaust a claim, a habeas corpus petitioner in custody pursuant to an Oklahoma state court judgment must have "fairly presented" that specific claim to the Oklahoma Court of Criminal Appeals. See Picard v. Conner, 404 U.S. 270, 275-76 (1971). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

Respondent states that all claims are exhausted with the exception of Petitioner's claim in Ground III. Respondent "does not contend that exhaustion is necessary . . . as the Petitioner's inquiry merely raises a moot issue." (Dkt. # 10 at 9). The Court acknowledges that Petitioner's

3

claim in Ground III is unexhausted. However, as discussed in further detail below, the claim in Ground III is moot and is dismissed on that basis.

**B.     Claims adjudicated by the OCCA**

As stated above, Grounds I and II shall be adjudicated under 28 U.S.C. § 2241. See Stoltz v. Sanders, 242 F.3d 390 (10th Cir. 2000) (unpublished)[2] (holding petitioner's challenge to revocation of his suspended sentence challenged execution of his sentence, rather than its validity, and was therefore construed as petition filed under 28 U.S.C. § 2241). The Court recognizes that in some unpublished decisions, the Tenth Circuit has not distinguished a petition challenging a state revocation proceeding as a 28 U.S.C. § 2241 petition and has analyzed the petitions under 28 U.S.C. § 2254. See Morales v. Jones, 2009 WL 2244899, at *3 (W.D. Okla. July 27, 2009) (unpublished) (compiling list of Tenth Circuit cases). Although not entirely clear, the weight of authority seems to favor application of the well-established deferential standard of review prescribed by the Antiterrorism and Effective Death Penalty Act (AEDPA) with respect to habeas petitions challenging the revocation of a suspended sentence. See id. (citing Lowe v. Dinwiddie, 163 F. App'x 747, 748 (10th Cir. 2006) (unpublished) (holding "AEDPA's provisions apply to this case" challenging revocation of suspended sentence); Lynch v. O'Dell, 163 F. App'x 704, 706 (10th Cir. 2006) (unpublished) (applying AEDPA standard of review to issue of sufficiency of the evidence to support revocation of state prisoner's sentence)).

Under the AEDPA standard, Petitioner must show that the OCCA's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[2]This and other unpublished court decisions are cited as persuasive authority, pursuant to Tenth Circuit Rule 32.1.

4

Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, Petitioner has not made the showing required under § 2254(d),(e).

### 1. Illegal revocation of sentence (Ground I)

In Ground I, Petitioner claims the trial court did not have proper jurisdiction to revoke his ten year suspended sentence. (Dkt. # 1 at 2-3). Petitioner argues that "justifiable evidence of the revocation was [not] presented to the court for that purpose within twenty (20) days after the entry of [his] plea of not guilty to the petition." Id. at 2. Petitioner claims he made his first appearance before the court on January 25, 2010 and "the trial court should have entered a not guilty plea to the Amended Application on my behalf." Id. at 2-3. In the alternative, Petitioner argues that "April 5, 2010 would be the date a not guilty plea was entered on my behalf." Id. at 3. The OCCA found that "the record does not indicate that [Petitioner], represented by counsel, ever entered a plea to the application until he appeared at the revocation hearing." (Dkt. # 10-2 at 1-2). The court stated that although Petitioner "made several appearances before the District Court on the application [to revoke], he did not enter a plea until he appeared at the revocation hearing on April 28, 2010." Id. at 2. Respondent argues this is an issue of state law and not proper for federal habeas review. (Dkt. # 10 at 3).

5

The twenty-day time frame for the trial court to hold a hearing following a defendant's entry of a not guilty plea to the petition is governed solely by Oklahoma law. See OKLA. STAT. tit. 22, § 991b(A). Under OKLA. STAT. tit. 22, § 991b(A), "[t]he district court loses jurisdiction over a petition for revocation of a suspended sentence where the hearing is not held within twenty (20) days of the defendant's entry of a not guilty plea to the revocation petition, absent a valid waiver of a timely hearing." Grimes v. State, 251 P.3d 749 (Okla. Crim. App. 2011). Additionally, under Oklahoma law, "a defendant cannot acquiesce in the delay of a hearing and/or participate in the continuance of a hearing and then claim he is entitled to relief because the court did not abide by the 20-day time limitation." Id. at 753.

To the extent Petitioner's claim is based on a violation of Oklahoma law, it is not cognizable for federal habeas review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state court determinations on state law questions). When conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a). Entitlement to habeas relief for errors of state law requires a petitioner to show that the violation of state law resulted in a deprivation of due process. See Aycox v. Lytle, 196 F.3d 1174, 1179-80 (10th Cir. 1999) (citing Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)). "Moreover, the deprivation occasioned by the state's failure to follow its own law must be 'arbitrary in the constitutional sense'; that is, it must shock the judicial conscience." Aycox, 196 F.3d at 1180.

In this case, Petitioner was not deprived of due process during his revocation proceedings. The record provided by the State is void of a not guilty plea[3] by Petitioner to the application to revoke the suspended sentence. Thus, based on the record before the Court, the revocation hearing on April 28, 2010, occurred without Petitioner previously entering a plea to the application. For clarity and understanding, the Court takes judicial notice of Tulsa County District Court dockets for Case Nos. CF-2007-5311, CF-2009-889, and CF-2009-4911.[4] See FED. R. EVID. 201(b); United States v. Mendoza, 698 F.3d 1303, 1306-07 (10th Cir. 2012) (recognizing the "long pedigree" that "dockets are generally public documents"). These records, when combined with those provided to the Court, reveal facts relevant to the Court's determination that Petitioner was not deprived of due process, and is not entitled to habeas relief. First, on September 4, 2008, in Case No. CF-2007-5311, Petitioner entered a plea of nolo contendere to Robbery With a Firearm, AFCF, and received a ten year suspended sentence. (Dkt. # 10-3 at 5). Second, on February 25, 2009, Petitioner was charged, in Tulsa Count District Court, Case No. CF-2009-889, with, inter alia, Driving Under the Influence and Leaving the Scene of an Accident. As a result, on March 11, 2009, the State filed an application to revoke the suspended sentence entered in CF-2007-5311. Significantly, on March 13, 2009, at the initial appearance on the application to revoke the sentence, Petitioner waived the 20-day rule. See Case Nos. CF-2009-889, CF-2007-5311. Next, on April 17, 2009, Petitioner confessed to the allegations in the State's first application to revoke the suspended sentence and those charges were

---

[3]At the revocation hearing held April 28, 2010, in Tulsa County District Court, Case No. CF-2007-5311, after revoking Petitioner's suspended sentence, the court entered a plea of not guilty to the charge of Unlawful Possession of a Controlled Drug filed in Tulsa Count District Court, Case No. CF-2009-4911. (Dkt. # 11-1 at 12). This is the only not guilty plea to any charge in the record.

[4]The state court dockets are available at www.oscn.net.

7

dismissed.  Id.  Sentencing on the application to revoke the suspended sentence was passed and Petitioner was released on bond.  See Case No. CF-2007-5311.

On August 31, 2009, Petitioner approached a police officer in an unmarked car and offered to sell the man drugs.  After realizing the man was a police officer, Petitioner consented to a search and the police officer found a small baggie of marijuana in Petitioner's pocket.  (Dkt. # 11-1 at 6-7).  On October 14, 2009, Petitioner was charged with Possession of a Controlled Drug in Tulsa Count District Court, Case No. CF-2009-4911.  On January 20, 2010, the State filed an amended application to revoke the suspended sentence to include the charges in Case Nos. CF-2009-889 and CF-2009-4911.  (Dkt. # 10-3 at 8).  On January 25, 2010, with Petitioner present, the hearing on the amended application to revoke was passed to February 22, 2010.  The court passed the hearing four additional times, with defendant not present.  See Case No. CF-2007-5311.  On April 28, 2010, the court held a hearing on the amended application and revoked Petitioner's suspended sentence.  (Dkt. # 11-1).  On September 20, 2010, Petitioner pled guilty to Possession of a Controlled Drug and was sentenced to 10 years imprisonment to run concurrent with the 10-year sentence for Robbery with a Firearm, AFCF.  See Case No. CF-2009-4911.

After a review of the court dockets and record provided by Respondent, the Court concludes Petitioner was not deprived of due process during the revocation process because Petitioner (1) waived the 20-day rule on the original application to revoke the suspended sentence; (2) was present at the initial appearance for the amended application to revoke the sentence and gave implied consent to a hearing beyond 20 days; and (3) ultimately had a hearing on the amended application to revoke the suspended sentence, was afforded the opportunity to cross-examine and present witnesses, and received permission to personally address the court at the hearing.  The Court also

8

notes that Petitioner confessed or pled guilty to the charges in the two cases supporting the amended application to revoke the suspended sentence. Petitioner fails to show he was deprived of due process by the state court. Habeas relief is denied on Ground I.

### 2. Excessive sentence on revocation (Ground II)

In Ground II, Petitioner claims the trial court abused its discretion when it revoked his suspended sentence in full. (Dkt. # 1 at 3-4). Petitioner argues that because he was released from custody after a mistrial was declared on the charge of Robbery With a Firearm, AFCF, the release "sets the precedence [sic] of a non-violent person" since he was not incarcerated "at the time the trial court could have considered revocation in part or considered a lesser disciplinary sanction than ten (10) years imprisonment to gain compliance with the rules of probation." Id. at 4. Additionally, Petitioner argues that since the crime of Possession of a Controlled Drug is a non-violent crime, the non-violent crime should be the "controlling case." Id. On revocation appeal, the OCCA found the trial court did not abuse its discretion because the State proved Petitioner "had violated the terms and conditions of his probation by committing the new offense." (Dkt. # 10-2 at 2). Respondent argues this is a matter of Oklahoma law, as Oklahoma law grants trial courts "discretion to revoke a suspended sentance in whole or in part." (Dkt. # 10 at 7). Additionally, Oklahoma law governs the range of punishment for Petitioner's crimes. Id.

A federal habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Habeas corpus review generally ends "once we determine the sentence is within the limitation set by statute." Id. Under Oklahoma law, trial courts have

9

discretion to revoke a suspended sentence. See OKLA. STAT. tit. 22, § 991b. In Case No. CF-2007-5311, Petitioner pled nolo contendere to Robbery with a Firearm, AFCF, and faced a sentence of ten years to life imprisonment. See OKLA. STAT. tit. 21, §§ 51.1(A)(2), 801. His plea agreement called for a suspended sentence of ten years imprisonment. Petitioner's ten year sentence was within the range of punishment allowed under Oklahoma law. Therefore, Petitioner is not entitled habeas corpus relief on Ground II.

**C.      Question based on entry of a mistrial (Ground III)**

Petitioner articulates his Ground III claim as follows, "[w]hy was it considered a mistrial when I had eight (8) jurors for me and four (4) jurors unable to decide and I still received a paper sentence of ten (10) years?" (Dkt. # 1 at 4). Petitioner claims that, after his mistrial, he told his attorney he wanted to have another trial because he "was not guilty of the[] accusations" against him. Id. Petitioner claims counsel advised that if Petitioner proceeded to another trial, he "would get twenty-two (22) years in prison and even though I had witnesses testify on my behalf it meant nothing." Id. Petitioner alleges he entered the nolo contendere plea "due to counsel." As discussed above, Petitioner failed to perfect a certiorari appeal after being convicted on his nolo contendere plea and failed to otherwise present this claim to the state courts. Respondent argues that even though this claim is unexhausted, the Court should deny relief because Petitioner's claim as moot. (Dkt. # 10 at 9).

On March 5, 2008, in Case No. CF-2007-5311, Petitioner went to trial on the charge of Robbery with a Firearm, AFCF. The trial resulted in a mistrial because the jury could not reach a unanimous verdict. See Case No. CF-2007-5311. Thereafter, on September 4, 2008, Petitioner entered a plea of nolo contendere and admitted that "evidence would show that [Petitioner]

forcefully entered [the victim's] apartment and took money from her [at] gunpoint." (Dkt. # 10-3 at 3-4). In exchange for the plea, the State offered a ten year suspended sentence in addition to a reduced fine. Id. at 2. The trial judge sentenced Petitioner accordingly. Id. at 5.

After reviewing the record, the Court determines that, although the claim in Ground III is clearly unexhausted, it is moot and shall be dismissed on that basis. "'A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Hain v. Mullin, 327 F.3d 1177, 1180 (10th Cir. 2003) (citations omitted); see also Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) (a case fit for federal-court adjudication requires the "case-or-controversy requirement subsist[] through all stages of federal judicial proceedings"). A plea of guilty moots any claim related to the prior pending prosecution, pre-trial confinement, and other pre-trial procedural matters. See, e.g., Williams v. Slater, 317 F. App'x 723, 724-25 (10th Cir. 2008) (unpublished) (finding a petitioner's plea of guilty and sentence mooted a request for a show cause order for his pretrial confinement); Clark v. Payne, 341 F. App'x 355, 356 (10th Cir. 2009) (unpublished) (petitioner's plea of guilty mooted his request for dismissal of pending prosecution under tribal law); Lindsay v. Hunter, 2009 WL 210708 (M.D. Fla. Jan. 28, 2009) (finding petitioner's claim seeking to enforce speedy trial rights moot after Petitioner entered a nolo contendere plea). A plea of nolo contendere has the same legal effect in a criminal proceedings as a plea of guilty. Hudson v. United States, 272 U.S. 451, 455 (1926).

To the extent Petitioner challenges the basis for the entry of a mistrial, the claim is moot because Petitioner's act of pleading nolo contendere to the charge of Robbery With a Firearm, AFCF eliminates any case and controversy and Petitioner no longer has a legally cognizable interest in the determining the basis for the entry of a mistrial. Petitioner does not claim his plea was not voluntary

11

or intelligent, nor does Petitioner challenge effectiveness of counsel.[5] Petitioner simply inquires about the basis for entry of a mistrial. For the reasons discussed above, the Court dismisses Ground III as moot.

## *CONCLUSION*

After careful review of the record, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, the petition for writ of habeas corpus shall be denied.

## **Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

---

[5]Even if Petitioner's Ground III claim could be construed as a challenge to the validity of his nolo contendere plea, entered in Case No. CF-2007-5311, as not voluntary or intelligent or as a claim of ineffective assistance of counsel, those claims are belied by the record. Petitioner signed, under oath, the Findings of Fact – Acceptance of Plea, acknowledging the counseled and voluntary entry of his plea of nolo contendere. See Dkt. # 10-3 at 3. In addition, the state district judge found that Petitioner's plea was knowingly and voluntarily entered. Id. at 4.

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). As to the claim denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the dismissal of a claim on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that,

1. The clerk shall note on the record the substitution of Emma Watts, Warden, in place of Rodney Redman, Warden, as party respondent.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied** as to Grounds I and II, and Ground III **dismissed as moot**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

5. The Clerk shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to Tenth Circuit Case No. 14-5088.

**DATED** this 7th day of August, 2014.

James H. Payne
United States District Judge
Northern District of Oklahoma

13